Eastern District of Kentucky
**F I L E D**

OCT 2 7 2022

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**UNITED STATES OF AMERICA**

**V.**                                    INDICTMENT NO. 6:22-Cr-61-CHB

**YVONNE NICOLE ROY**

\*   \*   \*   \*   \*

**THE GRAND JURY CHARGES:**

## COUNT 1
**21 U.S.C. § 841(a)(1)**

On or about March 29, 2021, in Pulaski County, in the Eastern District of Kentucky,

**YVONNE NICOLE ROY**

did knowingly and intentionally possess with the intent to distribute 50 grams or more of

a mixture or substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 2
**21 U.S.C. § 841(a)(1)**

On or about August 22, 2022, in Pulaski County, in the Eastern District of Kentucky,

**YVONNE NICOLE ROY**

did knowingly and intentionally possess with the intent to distribute 50 grams or more of

a mixture or substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
## 18 U.S.C. § 924(c)(1)(A)

On or about August 22, 2022, in Pulaski County, in the Eastern District of Kentucky,

**YVONNE NICOLE ROY**

did knowingly possess a firearm in furtherance of a drug trafficking offense for which she may be prosecuted in a Court of the United States, as set forth in Count 2, that is, possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 4
## 18 U.S.C. § 922(g)(1)

On or about August 22, 2022, in Pulaski County, in the Eastern District of Kentucky,

**YVONNE NICOLE ROY,**

knowing she had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, a Taurus, 9-millimeter pistol with serial number ACC623242, which had been shipped or transported in interstate commerce, all in violation of 18 U.S.C. § 922(g)(1).

## FORFEITURE ALLEGATIONS
## 21 U.S.C. § 853
## 18 U.S.C. § 924(d)(1)
## 28 U.S.C. § 2461

1.      By virtue of the commission of the felony offenses alleged in Counts 1 and 2 of the Indictment, **YVONNE NICOLE ROY** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violation(s) of 21 U.S.C. § 841 and any and all property constituting proceeds

obtained directly or indirectly as a result of the commission of the violation(s) of 21

U.S.C. § 841. Any and all interest that **YVONNE NICOLE ROY** has in this property is

vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.    In committing the offenses alleged in Counts 3 and 4 of this Indictment, pursuant

to 18 U.S.C. § 924(d), the below-listed firearm and ammunition seized from Defendant

**YVONNE NICOLE ROY** on August 22, 2022, are subject to forfeiture:

3.    The property to be forfeited includes, but is not limited to, the following:

### FIREARM AND AMMUNITION

(1) Taurus, 9-millimeter pistol with serial number ACC623242, and
(2) various rounds of ammunition.

4.    If any of the property listed above, as a result of any act or omission of the

Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been

transferred or sold to, or deposited with, a third party; (C) has been placed beyond the

jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been

commingled with other property which cannot be divided without difficulty, the United

States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

███████████████████████

**FOREPERSON**

_(signature)_

**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

# PENALTIES

**COUNTS 1 & 2:**
Not less than 5 years and not more than 40 years of imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

**COUNT 3:**
Not less than 5 years nor more than life imprisonment, to be served consecutive to any term of imprisonment imposed for any other offense, not more than a $250,000 fine, and not more than 5 years of supervised release.

**COUNT 4:**
Not more than 15 years imprisonment, not more than a $250,000 fine, and not more than 3 years of supervised release.

**PLUS:**      Forfeiture of all listed property.

**PLUS:**      Mandatory special assessment of $100 per count.

**PLUS:**      Restitution, if applicable.